(No. 75-CV-146-

ROBERT J. SIMS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1975.*

ROBERT J. SIMS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

The claim arises out of a criminal offense that occurred on June 17, 1974, at 420 East 69th Street, Chicago, Illinois. Robert Sims, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stats., 1973, ch. 70, §71, et. seq.* (hereafter referred to as the "*Act*").

This Court has carefully considered the application

for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Robert Sims, age 23, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery" (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on June 16, 1974, the claimant was shot by two unidentified assailants during the course of an attempted robbery as the claimant walked to the bus stop at 420 East 69th Street, Chicago.

3. That statements taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained a gunshot wound to his left buttock for which he was hospitalized three times. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailant were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance. As of this time, no assailants have been identified, and the police investigation has been suspended.

7. That the victim's average monthly earnings as an employee of Presbyterian St. Lukes Hospital for six months immediately preceding his injury were $550.16.

8. That the victim, as a result of his injuries, was unable to work during the period of June 16, 1974, through September 16, 1974, a period of 3 months. The claimant received disability benefits from the John Hancock Insurance Company of $300 per month. Thus, the claimant sustained a compensable loss of earnings of $250.16 per month for three months, or $750.48.

$ 750.48

9. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items is as follows:

| | | |
|---|---|---|
| 1) | Hospital (Jackson Park Hospital) | $ 8,763.75 |
| 2) | Doctor (George Gertz, M.D.) | $ 1,670.00 |

$10,433.75

NONCOMPENSABLE PERSONAL AND
TELEPHONE CHARGES ........................-$ 5.40

$10,428.35

10. That the claimant has received insurance benefits from Blue Cross totalling $8,626.75. He is also insured through his employer with the Blue Cross Anchor Organization for Health Maintenance, and has received benefits of $1,670.00.

11. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annui-

ties, pension plans, federal social security benefits and the net proceeds of the first ($25,000) twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $10,296.75. This amount, plus the statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶8 and ¶9 leaves an amount of compensable loss, sustained by the claimant of $682.08.

12. That the proof submitted in support of this claim satisfies all of the requirements of this Act, and the claim is therefore compensable thereunder.

It Is Hereby Ordered that the total sum of $682.08 (Six Hundred Eighty-Two Dollars And Eight Cents) be immediately paid to the claimant, an innocent victim of a violent crime, from the Court of Claims fund as a complete payment of the total amount of this award.